J. M. SIMMONS, plaintiff in error, *vs.* GEORGE A. GUISE, defendant in error.

Where the defendant signed a note, given by a member of a firm individually, for money borrowed for the use of the firm, as security, and upon a settlement of the partnership affairs, that note was settled by the acceptance by the plaintiff of a note made by said partner, without security, and the defendant was not present, assenting thereto, that would discharge him from his liability as security. (R.)

Principal and security. Novation. Partnership. Before Judge HARRELL. Terrell Superior Court. November Adjourned Term, 1871.

George A. Guise brought complaint on the following note, alleged to be lost :

" $200. Sixty days after date, we or either of us promise to pay John A. Hiers or bearer two' hundred dollars, for value received, with interest at two and a half per cent. per month. This February 1st, 1869.

" JACOB SIX,

(Signed)         " JAMES M. SIMMONS,

" R. T. HARPER."

Proceedings were instituted simultaneously to establish a copy of the same. By agreement, both issues were tried together.

James M. Simmons pleaded to the suit, the general issue, and *non est factum* as to the note sued on, with the following qualification, " that he did, in the spring of 1869, about the first day of May, sign a certain note for the sum of $200, payable to J. A. Hiers or bearer, as security for Jacob Six, which note was for borrowed money for the business of the firm of Six & Guise, of which firm plaintiff was a member, and which note was afterwards paid off and fully satisfied by plaintiff, as the surviving partner of said Six & Guise. Defendant further says, that said plaintiff, as a member of the firm of Six & Guise, received the benefit of said borrowed money, for which said note was given, and recognizing his liability for the payment of the said note, went forward and paid off the same, as well as house rent and other debts, and took possession of all the stock of said Six & Guise, and sold and disposed of the same to a great advantage. Defendant further says, that plaintiff and said Jacob Six, partners as aforesaid, had a full settlement of their partnership, in which settlement this note was taken into consideration and fully settled between said parties, to-wit: plaintiff and defendant, Six, and, in said settlement, said plaintiff thereby acknowledged his equal liability with said Six for the payment of said note."

The defendant, R. T. Harper pleaded the general issue and *non est factum*.

It appeared from the evidence that G. A. Guise bought the

note sued on from J. A. Hiers, paying therefor $207, including interest, at two and a half per cent. per month; that the note was lost; that it was signed by Jacob Six, principal, and J. M. Simmons and R. T. Harper, securities, as Hiers told plaintiff; that plaintiff had a settlement with Jacob Six as to all their partnership business, in which the note sued on was settled; that plaintiff took the note of Jacob Six for $200, with the understanding that said Hiers' note should stand as paid, if Six paid his note; that plaintiff received on the Six note $65, and entered a credit for the same; that plaintiff still held said Six's note for the balance due on the same; that Hiers had frequently dunned plaintiff on the note sued on before he paid it; that R. T. Harper never signed said note, nor authorized any other person to sign the same for him; that the money obtained on the note sued on was all used for the partnership business of Six & Guise; that plaintiff told defendant Simmons that he had paid off said note and had lost it.

The evidence was conflicting as to whether the Six note for $200 was given specifically in lieu of the note sued on, or for a general balance on a settlement of 'all the partnership matters of Six & Guise, including said note; also, as to whether the satisfaction of the note sued on was made dependent upon the payment of the Six note.

The jury returned a verdict against James M. Simmons, security, for $200.   The defendant Simmons moved for a new trial, upon the following grounds, to-wit:

1st. Because the verdict is contrary to evidence and against the weight of evidence.

2d. Because the verdict is contrary to the charge of the Court and contrary to law.

3d. Because the Court erred in charging the jury, " that they had nothing to do with the partnership of Six & Guise, unless they believed from the evidence that the name of Guise was to the note," and in ruling out the evidence as to the partnership of Six & Guise.

4th. Because the Court erred in ruling out the evidence

offered by defendant to prove that plaintiff paid other claims against Six, and that plaintiff got the whole proceeds of the sale of the stock of goods of Six & Guise, and was more than fully reimbursed for all losses.

5th. Because the Court erred in charging the jury, "that if defendants, by themselves or attorney, were present and assisted in the settlement between Six & Guise, then defendants were bound by the terms of the settlement," when it was in evidence that R. F. Simmons, Esq., was present, acting as the attorney of Guise, not of defendants.

The sheriff returned *non est inventus* as to Jacob Six, and he was consequently not a party to the case.

The Court directed a new trial, unless plaintiff would remit the sum of $65, paid on the Six note.

To which ruling plaintiff in error excepted, and assigns error upon each of the grounds aforesaid.

R. F. SIMMONS; C. B. WOOTEN; L. C. HOYLE, for plaintiff in error.

F. M. HARPER; CLARK & GOSS, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants on a promissory note for the sum of $200, payable to Hiers or bearer sixty days after date. On the trial the jury found a verdict against J. M. Simmons for $200. A motion was made for a new trial on the grounds specified in the record, which was granted by the Court, unless the plaintiff should remit on the record the sum of $65 to plaintiff on the Six note, and if he does so the new trial denied. Whereupon the defendant excepted. From the facts disclosed in this confused record, as we understand them, a new trial should have been granted absolutely. The defendant, Simmons, signed the Hiers' note as security. If that note constituted a part of the partnership liability of Guise & Six, and upon a settlement of their partnership affairs, that note was

settled by the taking of Six's note by the plaintiff, and if J. M. Simmons, the security, was not present, assenting thereto, that would discharge him from the payment of the Hiers' note to the plaintiff. There is evidence in the record which looks that way. In our judgment, there should be a new trial in the case, and that question submitted to the jury under the charge of the Court.

Let the judgment of the Court below be reversed.